Alandra L. Lawrence, #325717
**Zerbe Miller Fingeret Frank & Jadav, LLP**
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
Telephone: (832)301-8078
Facsimile: (713) 350-3607
Llawrence@zmflaw.com

*Attorney Plaintiff*

## IN THE UNITED STATES CENTRAL DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROUSSO, | COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. _____ |
| UNITED STATES OF AMERICA, | JUDGE _____ |
| Defendant. | |

Plaintiff, Donald Rousso (hereinafter "Taxpayer," or "Mr. Rousso") by and through the undersigned l e a d counsel files this Complaint against the United States of America, alleging as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff, Donald Rousso, is an individual residing in the state of California with an address of 66 Emerald, Irvine, California 92614-7520. Mr. Rousso has a Social Security Number ending in 6476.

2.    Defendant is the United States of America (hereinafter sometimes referred to as "Defendant" or "Government") and may be served by mailing two

copies of this Original Complaint by certified mail to E. Martin Estrada, United States Attorney for the Central District of California, at 312 North Spring Street, Suite 1200, Los Angeles, CA 90012, and further mailing two copies of this Original Complaint by certified mail to Merrick Garland, Attorney General of the United States, 950 Pennsylvania Ave, NW, Washington, D.C. 20530-0001.

3.      Venue is appropriate in the Central District of California as Mr. Rousso's residence is in Irvine, California.

4.      The Southern Division of the Central District of California is the appropriate Division given the Taxpayer's residence within Orange County, California.

5.      This is a civil action against the United States for a refund of amounts paid to the Internal Revenue Service ("IRS") under 26 United States Code § 7422 as required by the IRS's improper determination that the Taxpayer is liable for penalties under 26 United States Code § 6700.

6.      This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1340 and 1346. Furthermore, venue is proper under 28 United States Code § 1402.

## GENERAL ALLEGATIONS

7.      This is an action arising under Internal Revenue Code ("IRC") of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $3,148.60 and $21,471.00 for the taxable years 2005 and 2010, respectively, in

2

penalties paid by Mr. Rousso and collected by Defendant pursuant to its assessment of a penalty pursuant to IRC section 6700.

8.      Mr. Rousso was a minority member in Alta Holdings LLC, a California limited liability company ("Alta") up until its termination as of December 9, 2020, and was a minority shareholder in Newport Re, Inc. ("Newport Re"), a Utah corporation.

9.      Taxpayer formerly owned and operated entities in the business of selling, designing, operating, implementing, and managing insurance and other products.

10.     By Letter dated April 10, 2023, the IRS asserted a penalty against Mr. Rousso under IRC section 6700 in the amount of $20,984.00 for the taxable year 2005.

11.     By Letter dated April 10, 2023, the IRS asserted a penalty against Mr. Rousso under IRC section 6700 in the amount of $141,603.00 for the taxable year 2010.

12.     Under IRC section 6703(c), if, within 30 days after the day on which notice and demand of any penalty under IRC section 6700 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, then the person may file suit in District Court within 30 days following denial of the claim (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund).

13.     On May 3, 2023, Mr. Rousso timely filed IRS Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, along with payment of $3,148.60 for the taxable year 2005.

14.     On May 3, 2023, Mr. Rousso timely filed IRS Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, along with payment of $21,471.00 for the taxable year 2010.

15.     As of November 3, 2023, 6 months have expired since Mr. Rousso's timely filing of IRS Form 6118 and Mr. Rousso has yet to receive correspondence from the IRS regarding his claim for refund for taxable years 2005 and 2010.

16.     IRC section 6700 imposes a penalty on "any person who (1) organizes any partnership or other entity, any investment plan or arrangement or any other plan or arrangement and  (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale) - (A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement (B) which the person knows or has reason to know is false or fraudulent as to any material matter." *See* IRC § 6700(a).

17.     The government bears the burden of proof pursuant to IRC section 6703(a) in any proceeding involving the issue of whether or not a person is liable for a penalty under IRC section 6700.

18.    To establish that there has been a violation of IRC section 6700(a)(2)(A), the Government bears the burden of proving all of the elements of that section: that a person who -- (1) organizes any partnership or other entity, any investment plan or arrangement or any other plan or arrangement, (2) made or furnished a statement with respect to tax benefits of the arrangement, (3) which he or she knew or had reason to know, (4) was false or fraudulent, and (5) which statement was to a material matter. IRC § 6700(a).

19.    The courts have defined material matters as those matters which would have a substantial impact on the decision-making process of a reasonably prudent investor and include matters relevant to the availability of a tax benefit. *United States v. Campbell*, 897 F.2d 1317 (5th. Cir. 1990), *citing* 1982 U.S. Code Cong. & Ad. News at 1015; *United States v. Buttorff*, 761 F.2d 1056 (5th Cir. 1985).

20.    The IRS sent Mr. Rousso a Form 886-A dated August 8, 2022. The IRS sent Mr. Rousso a Form 886-A with revised penalty calculation amounts on October 7, 2022. The IRS cannot support the imposition of a penalty under IRC section 6700. The IRS fails to sustain its burden of proving that Taxpayer is liable for a penalty under IRC section 6700. The alleged facts, presented by the IRS, are not accurate and do not support the following required elements for the imposition of a penalty under IRC section 6700: (i) that Mr. Rousso organized a partnership or other entity, an investment plan, or other plan or arrangement, (ii)  that statements were made by Mr. Rousso, (iii) that any of the statements allegedly made by Mr. Rousso were about the allowability of any deduction or other tax

5

benefit, (iv) that any alleged statements were false or fraudulent, (v) that if there were such statements, they were made as to any material matter, and (vi) that Mr. Rousso knew or had reason to know that any alleged statements made were false or fraudulent.

21.   As the language of IRC section 6700 indicates, a requirement underpinning liability under IRC section 6700 is that a person know or have reason to know that a statement was false or fraudulent at the time the statement was made. The Government has not and will not be able to show that Mr. Rousso or any of his agents knew or had reason to know that any statement was false or fraudulent or material under IRC section 6700.

22.   In the attached Form 886-A, the IRS attacks the captive insurance program (the "Captive Program"), which the IRS alleges is the "plan or arrangement" required by IRC section 6700(a)(1)(A)(iii). The IRS seems to believe that by challenging the deductibility of premium payments made by an unrelated taxpayer to its captive insurance company, the IRS has satisfied its burden under IRC section 6703. While Plaintiff disagrees with the facts, legal arguments and conclusions set forth in the attached Form 886-A, the facts, legal arguments, and conclusions are themselves wholly insufficient to support a penalty under IRC section 6700. They do not establish each of the elements set forth in IRC section 6700 as a requirement for the imposition of the penalty. More specifically, they do not establish that the Plaintiff knew or had reason to know he made a false or fraudulent statement.

23.   The IRS has not provided the Plaintiff with evidence of timely supervisor approval of the penalty under IRC section 6751(b)(1).

24.   IRC section 6700 imposes a penalty equal to 50 percent of the gross income derived from an activity when the penalty is assessed regarding a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter.

25.   The IRS has mischaracterized income, which it has attributed to Mr. Rousso, as gross income derived from the Captive Program. In reality, the $41,969 earned by Mr. Rousso in 2005 and $283,207 earned by Mr. Rousso in 2010 is not income attributable to gross income from the Captive Program upon which the IRS asserts a penalty under IRC section 6700. As such, the IRS penalizes income that should not be subject to an IRC section 6700 penalty.

## **REQUEST FOR JURY TRIAL**

26.   Mr. Rousso requests trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Taxpayer prays that this Honorable Court hear this proceeding, and sign a final judgment as follows:

(1)   finding and ordering that the Government's full imposition of a penalty pursuant to IRC section 6700 in the excess of $20,984.00 for

the taxable year 2005 and $141,603.00 for the taxable year 2010 and increasing due to interest, is erroneous;

(2) finding and ordering that the payment of 15 percent of the imposed penalty pursuant to IRC section 6700 must be refunded to the Taxpayer in the amounts of $3,148.60 for the taxable year 2005, and $21,471.00 for the taxable year 2010, and increasing due to interest;

(3) finding that Mr. Rousso is entitled to its recoverable costs of court; and

(4) granting such other relief to the Taxpayers as this Court may deem proper.

Respectfully submitted,

/s/ Alandra L. Lawrence

Alandra L. Lawrence, #325717
Lead Counsel for Plaintiff
**Zerbe Miller Fingeret Frank & Jadav, LLP**
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
Telephone: (832)301-8078
Facsimile: (713) 350-3607
Email: Llawrence@zmflaw.com

8